IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

GREAT AMERICAN ASSURANCE
COMPANY,

    Plaintiff,

vs.                                              NO. 2:12-cv-3038

HERE TODAY GONE TOMORROW,
INC., PHIL SCHECHTMAN d/b/a
HERE TODAY GONE TOMORROW
TRUCKING, INC., RONALD SCHUCK,
and ACUE WICKS,

    Defendants.
_____

COMPLAINT FOR DECLARATORY JUDGMENT
_____

        Comes the Plaintiff, Great American Assurance Company, hereafter Great American, and files this original Complaint for Declaratory Judgment, against the Defendants, and in support of same would show as follows:

        1.    This is a declaratory judgment action filed pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. Section 2201 et seq., for purposes for determining questions that are of actual controversy among the parties and construing and interpreting the rights, duties, obligations, status, and legal relations between the parties under a commercial auto liability policy concerning claims filed in an underlying personal injury suit by Acue Wicks against Ronald Schuck, Here Today Gone Tomorrow, Inc., Phil Schechtman d/b/a Here Today Gone Tomorrow Trucking, Inc., Gerald Miller and BBX Trucking, Inc.

## STATUS OF THE PARTIES

2.  Plaintiff, Great American Assurance Company, is an Ohio Corporation with its principal place of business located in Cincinnati, Ohio.

3.  Defendant, Here Today Gone Tomorrow, Inc., is, upon information and belief, a Tennessee Corporation with its principal place of business being in Memphis or Cordova, Shelby County, Tennessee.

4.  Defendant, Acue Wicks, is, and was at all times pertinent hereto, a resident citizen of Memphis, Shelby County, Tennessee.

5.  Defendant, Phil Schechtman d/b/a Here Today Gone Tomorrow Trucking, Inc., is, upon information and belief, an individual residing in Cordova, Shelby County, Tennessee.

6.  Defendant, Ronald Schuck, is, and was at all times pertinent hereto a resident citizen of Carroll County, Tennessee.

## JURISDICTION AND VENUE

7.  This action for declaratory judgment, filed pursuant to 28 U.S.C. §2201, as well as Rule 57 of the Federal Rules of Civil Procedure, is filed for the purpose of having the Court determine an actual controversy between the parties as to coverage or lack thereof pursuant to the aforementioned policy of insurance issued by the Plaintiff.

8.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332, as the matters and things in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

9.  Venue is proper in the Western District of Tennessee, by virtue of 28 U.S.C. §1391(a).

## FACTS

10. On or about July 25, 2009, Plaintiff, Great American Assurance Company, issued a commercial automobile liability policy, Policy Number MAC 6-56-91-84-02, to Here Today Gone Tomorrow, Inc., 1507 Flamingo Road, Memphis, Tennessee 38117.

11. A true and correct certified copy of said policy is attached hereto as Exhibit A.

12. This policy listed as a covered vehicle, a 2009 International tractor, VIN Number 2HSCUAPRO9C090744.

13. On or about February 9, 2010, Acue Wicks and Ronald Schuck were employees of Here Today Gone Tomorrow, Inc., as team drivers, and were operating the 2009 tractor trailer previously mentioned. On or about said date, Acue Wicks alleges that while he was asleep in the sleeper compartment of the tractor, and while the tractor was being operated by Ronald Schuck, in the course of his employment with Here Today Gone Tomorrow, Inc., an accident occurred on Interstate 90 in or near Utica, New York. As a result of the accident, Acue Wicks claims personal injuries and related damages.

14. On or about March 16, 2012, Acue Wicks filed an original action for personal injury damages in the Supreme Court of the State of New York, County of Niagara, against BBX Trucking, Inc., Gerald Miller, Ronald Schuck and Here Today Gone Tomorrow Trucking, and Phil Schechtman d/b/a Here Today Gone Tomorrow Trucking, Inc. A true and correct copy of the Complaint filed by Acue Wicks is attached hereto as Exhibit B.

15. The Complaint filed by Acue Wicks in New York alleges in pertinent part the following in addition to that previously mentioned:

    A) *That Ronald Schuck was, at the time of the accident, an employee of Schechtman.* (Wicks Complaint, Paragraph 4)

    B)    *That Schechtman is the sole proprietor of Here Today Gone Tomorrow Trucking.* (Wicks Complaint, Paragraph 5)

    C)    *That Schuck was guilty of negligenct, careless, and reckless driving that caused and/or contributed to the accident.* (Wicks Complaint, Paragraph 11)

    D)    *That Schechtman is vicariously liable for the acts of his agent Schuck to the extent which they contributed to the injury to Wicks.* (Wicks Complaint, Paragraph 21)

16. Great American is currently providing, pursuant to a reservation of rights, a defense to Ronald Schuck and Here Today Gone Tomorrow Trucking, and Phil Schechtman d/b/a Here Today Gone Tomorrow Trucking, Inc., in the New York action brought by Wicks.

### THE GREAT AMERICAN POLICY

17. The Great American policy attached hereto provides liability coverage to the named insured, Here Today Gone Tomorrow, Inc., and includes the following:

**SECTION II – LIABILITY COVERAGE**

    **A.**    **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

    **1.**    **Who Is an Insured**

The following are "insureds"

    a.    You for any covered "auto."

    b.    Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

18. The Great American policy also contains the following exclusions relevant to the issues in this Complaint:

    **B.**    **Exclusions**

        This insurance does not apply to any of the following:

3. **Workers' Compensation**

    Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification and Employer's Liability**

    "Bodily injury" to:

    **a.** an "employee" of the "insured" arising out of and in the course of:

        **(1)** employment by the "Insured"; or

        **(2)** performing the duties related to the conduct of the "Insured's" business; or

    **b.** the spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph a. above.

    This exclusion applies:

    **(1)** whether the "Insured" may be liable as an employer or in any other capacity; and

    **(2)** to any obligation to share damages with or repay someone else who must pay damages because of the injury.

    But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "Insured" under an "insured contract." For the purposes of the

        Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5.    Fellow Employee**

        "Bodily injury" to any fellow "employee" of the "Insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

## CLAIM FOR RELIEF

19.    At the time of the accident complained of by Wicks, both Wicks and Schuck were employees of Here Today Gone Tomorrow Trucking and/or Here Today Gone Tomorrow, Inc., who is the named insured pursuant to this policy. The status of both Wicks and Schuck as "employees" at the time of the accident of February 9, 2010, is established by both the common-law definition of an "employee" pursuant to Tennessee law (the state where the contract of hire as to both Schuck and Wicks was entered into), and pursuant to applicable Federal Motor Carrier Safety Regulations, specifically 49 C.F.R. §390.5

20.    At the time of the accident of February 9, 2010, which is the subject of the New York action brought by Wicks, Schuck, and Here Today Gone Tomorrow Trucking, Phil Schechtman d/b/a Here Today Gone Tomorrow Trucking, Inc., and Here Today Gone Tomorrow, Inc. were "insureds" under said policy.

21.    Pursuant to 28 U.S.C. §2201, Great American Company seeks a declaration from this Court that the Great American policy provides no coverage for the defense and/or indemnity of Ronald Schuck and Here Today Gone Tomorrow Trucking, Phil Schechtman d/b/a Here Today Gone Tomorrow Trucking, Inc., in the underlying Wicks lawsuit because one or

more of the aforementioned policy exclusions bars coverage for both the defense of and indemnity of Schuck, Here Today Gone Tomorrow Trucking, Phil Schechtman d/b/a Here Today Gone Tomorrow Trucking, Inc.

22.    Any and all conditions precedent for bringing this action for declaratory relief have heretofore been performed.

WHEREFORE, Plaintiff, Great American Assurance Company, asks that the Court determine as follows:

    A.    A declaration of the rights, duties, contractual and legal obligations and relations of Great American and Acue Wicks, Ronald Schuck, Here Today Gone Tomorrow Trucking, Phil Schechtman d/b/a Here Today Gone Tomorrow Trucking, Inc. and Here Today Gone Tomorrow, Inc., under the Great American policy;

    B)    A declaration that there is no coverage for any of the allegations asserted by Acue Wicks in the underlying lawsuit as such allegations are excluded by one or more of the aforementioned policy exclusions;

    C)    A declaration that Great American has no duty to defend Ronald Schuck and Here Today Gone Tomorrow Trucking, Phil Schechtman d/b/a Here Today Gone Tomorrow Trucking, Inc., and Here Today Gone Tomorrow, Inc. in the underlying Wicks lawsuit;

    D)    A declaration that Great American has no duty to indemnify Ronald Schuck and Here Today Gone Tomorrow Trucking, Phil Schechtman d/b/a Here Today Gone Tomorrow Trucking, Inc., and Here Today Gone Tomorrow, Inc. in the underlying lawsuit;

    E)    Any and all further relief to which the Court deems appropriate.

                Respectfully submitted,

                <u>/s/Carl Wyatt</u>
                CARL WYATT (#12304)
                Attorney for Plaintiff
                26 N. Second Street Bldg.
                Memphis, Tennessee 38103
                (901) 527-4673